**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-21935-LEIBOWITZ/HERNANDEZ**

**JULIO ALBERTO TRAVIESO, *et al.*,**

*Plaintiffs*,

*v.*

**JOSEPH B. EDLOW, *et al.*,**

*Defendants*.
_______________________________________/

**ORDER**

Before the Court is the parties' joint motion for a stay pending appellate review of a decision[1] that vacated the policies at the heart of this case ("Motion"). [ECF No. 27]. After considering the parties' arguments, the relevant authorities, and being otherwise informed in the premises, the Motion is GRANTED.

*    *    *

Plaintiffs are 120 Cuban nationals, or qualifying relatives of Cuban nationals, who have pending Form I-485 applications for adjustment of status under Section 1 of the CAA. [ECF No. 1 ¶¶ 13–16]; [ECF No. 1-2]. On March 23, 2026, Plaintiffs sued under the Administrative Procedure Act ("APA"), challenging three United States Citizenship and Immigration Services ("USCIS") policies and a jurisdictional regulation. *Id.* ¶¶ 150–185. The first two challenged policies are USCIS Policy Memoranda PM-602-0192 and PM-602-0194 (the "Hold Memos"), which Plaintiffs say suspended indefinitely USCIS's adjudication of immigration-benefit applications filed by individuals from 39 "high-risk" countries, including Cuba. [ECF No. 1-1 at 6–14]. The third policy, USCIS

---

[1] *Dorcas Int'l Inst. of R.I. v. U. S. Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242 (D.R.I. 2026), *judgment entered*, No. 26-CV-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026).

Policy Alert PA-2025-26 (the "Discretion Memo"), instructs USCIS officers to treat an applicant's country of origin as a "significant negative factor" if the applicant is from one of the 39 countries designated "high risk." *Id.* at 15–38. The Hold and Discretion Memos constitute the "Challenged Policies." Last, Plaintiffs seek to vacate 8 C.F.R. § 1245.2(a)(1)(ii), a regulation that deprives immigration judges of jurisdiction to adjudicate adjustment of status applications filed by arriving aliens and tasks USCIS with adjudicating such matters. [ECF No. 1 ¶¶ 61–76, 148, 185]. Plaintiffs maintain that this regulation, when combined with the Hold Memos, deprives them of a forum for the adjudication of their adjustment of status applications in violation of the CAA. *Id.* ¶ 184.

On April 16, 2026, the Court consolidated this action with *E.M.P.C. et al. v. Secretary of Homeland Security et al.*, Case No. 1:26-cv-21565 ("E.M.P.C. Action") for pretrial purposes. [ECF No. 17; E.M.P.C. ECF No. 18]. Plaintiffs later filed an unopposed motion to sever their case from the E.M.P.C. Action, which the Court granted on July 1, 2026, returning this matter to its original docket. [ECF No. 18; E.M.P.C. ECF No. 74].

On June 5, 2026, a district court in Rhode Island vacated the Challenged Policies after concluding that they violate the APA. *Dorcas Int'l Inst. of R.I.*, 834 F. Supp. 3d at 324–25. As a result, USCIS released an alert acknowledging the *Dorcas* decision and stating that the Challenged Policies "should be treated as if they are not in effect." *See* United States Citizenship & Immigr. Servs., *Court Order on Hold Policies*, Alerts, https://perma.cc/93RV-SXN8 (June 12, 2026). After the case was severed, the parties (Travieso Plaintiffs and the government) filed the Motion seeking a stay of the case pending the *Dorcas* appeal. [ECF No. 27]. They represent to the Court that they will "file a status report with the Court every 30 days should the stay be granted." *Id.* ¶ 8.

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Johnson v. Johnson Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and

scheduling.") (cleaned up). This discretion extends to orders staying proceedings pending the outcome in another case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). A court's discretion is not unbridled. *Barr v. Harvard Drug Group, LLC*, No. 13-CV-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (citing *Landis*, 299 U.S. at 254–255). In deciding whether a stay is appropriate, courts consider whether (1) the balance of harms favors the stay; (2) movant has shown hardship or inequity in proceeding with the case; (3) the requested stay is indefinite, and (4) granting the stay serves the public interest. *Barr*, 2015 WL 11181968, at *3–4. Other factors include promoting efficiency and conserving judicial resources. *See Gill v. City of Margate*, No. 25-60913-CIV, 2026 WL 1040562, at *1 (S.D. Fla. Mar. 27, 2026).

Here, the factors support the Parties' joint Motion. First, because the parties jointly request a stay, they implicitly represent that the balance of hardships favors a stay. Second, because the *Dorcas* appeal may decide the issues in this case, requiring the parties to engage in potentially futile, costly litigation constitutes harm to both sides. *See Barr*, 2015 WL 11181968, at *4. Third, the requested stay has a definite end point—an appellate decision in *Dorcas*. [ECF No. 27 ¶ 8]. Fourth, the requested stay serves the public interest by avoiding inconsistent litigation outcomes, promoting efficiency, and conserving judicial (and litigant) resources. *See Martinez Moncada v. Noem*, No. 26-21625-CIV, 2026 WL 2597477, at *1 (S.D. Fla. Aug. 26, 2026) (granting opposed motion for stay pending resolution of out-of-district action, where both cases involved the "same relief, target[ed] the same alleged practices, and involve[d] similar factual allegations"). Accordingly, the Court finds that the requested relief is appropriate.

It is therefore ORDERED AND ADJUDGED that the Motion, [ECF No. 27], is GRANTED as follows:

1. This case is STAYED while the order in *Dorcas* remains in effect during appeal.
2. The parties are ordered to file a joint status report with the Court every 30 days from the date of this order.

DONE AND ORDERED in the Southern District of Florida on September 9th, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA